[Crim. No. 3375.   Third Dist.   July 18, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE ADAMS, Defendant and Appellant.

William N. Foley, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Doris H. Maier, Assistant Attorney General, for Plaintiff and Respondent.

PIERCE, P. J.—A jury found defendant guilty of a violation of Penal Code section 245 (assault with a deadly weapon). Defendant appealed from the judgment entered.

After our study of the record, our conclusion accords with that of the attorney appointed by us to represent defendant on this appeal—that the appeal has no merit.   Appellant has neither filed a brief on his own behalf nor indicated his grounds of appeal otherwise.

The victim, defendant's wife, Shirley, testified that she and defendant had been separated for about four months prior to the acts for which appellant was convicted, and that she and her 6-year-old son (by a former marriage) were staying at her mother's home in Stockton.   Appellant had also been allowed to stay there during several days prior to the incident but no reconciliation had been effected.   On Sunday, April 1, 1962, appellant walked into the house while his wife was talking on the telephone and defendant struck her, knock-

ing her off a table on which she was sitting. She ran into the bathroom, locking the door. Appellant knocked down the door and struck her again several times. She went into the bedroom.

The wife's sister, Carol Smith, also testified for the prosecution. She did not witness the occurrence described above. She had been visiting a next-door neighbor. She returned, heard her sister crying, walked into the bedroom, and noticed Shirley with "her forehead all swollen up." She questioned appellant, who admitted he had struck his wife, stating it was the first time he had ever done so. An argument ensued during which appellant stated he had been trying to persuade his wife to sign a paper surrendering custody of her son but that she had refused. He stated he was going to kill her, also the sister, if necessary to get the child away from Shirley.

Shirley and the sister proposed to take the child over to the grandmother's home, whereupon appellant went into the bedroom closet where Shirley was dressing, drew a pocket knife and cut her, first on the arm and then on the face. She screamed; the sister phoned the police; appellant ran from the house; an ambulance came. Shirley was hospitalized. Her wounds were described by the attending physician as serious.

When appellant was apprehended later that day by the police down near the river, he admitted the knife they had found on him was his. (It was recovered and introduced in evidence at the trial.) Appellant admitted he had cut his wife with it and when told she had been badly cut he replied that that was good because that is what he had intended to do.

Appellant testified in his own behalf. He admitted he had slapped his wife, but only after she had hit him with the telephone. He said he had broken down the door because his wife was threatening to commit suicide. His story about the knife incident was that she picked the knife up off the bureau next to the closet, went after him, there was a scuffle, she fell and in the fall her face was cut.

This merely created a conflict in the evidence. Substantial, in fact overwhelming, evidence supported the verdict. We have found no error in the record. Appellant had a fair trial.

Judgment is affirmed.

Schottky, J., and Friedman, J., concurred.